UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WANDA FRAZIER, | § | |
| | § | |
| Plaintiff, | § | |
| vs. | § | CIVIL ACTION NO. H-08-3373 |
| | § | |
| TOMMIE LEE, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

**I.      INTRODUCTION**

Pending before the Court is the defendant's, Trooper Tommy Lee ("Trooper

Lee"), motion for summary judgment and brief in support (Docket Entry No. 18).  The

plaintiff, Wanda Frazier ("Frazier"), has failed to file a response.  After having carefully

considered the pleadings, the motion, the record, the uncontested facts and the applicable

law, the Court determines that Trooper Lee's motion for summary judgment should be

GRANTED.

**II.     FACTUAL BACKGROUND**

On or about April 4, 2007, while traveling southbound on State Highway 249,

from her home to an emergency room as a result of having sustained a broken arm,

Frazier was stopped by Trooper Lee for speeding.  According to Trooper Lee, after

having approached Frazier subsequent to the stop, he detected the odor of alcohol.  As a

consequence, he instructed her to step out of her vehicle and undergo certain standardized

field sobriety tests.  Frazier asserts that during this time, she tried to explain to Trooper

Lee that her inability to comply with the field sobriety tests administered was not due to unwillingness, but due to impossibility as a result of the pain she was experiencing due to her broken arm.  Despite her pleas, Frazier was arrested for driving while intoxicated as a result of having failed the sobriety tests administered.

Trooper Lee contends that while standard procedure normally requires that handcuffs be placed behind a suspect, due to Frazier's insistence that her arm was broken, he made an exception and applied the handcuffs in the front of her body.  Once the handcuffs were applied, Frazier began to scream in pain.  After she began to scream, Trooper Lee removed the handcuffs.  According to Frazier, the handcuffs remained on her for approximately 5 – 15 seconds.  Thereafter, she was transported to Ben Taub Hospital where her arm was set in a cast.  After having received treatment, she was transported to jail by Trooper Lee.  Frazier asserts that her arm remained in a cast for six months.

On November 13, 2008, Frazier commenced the instant action against Trooper Lee for excessive force pursuant to 42 U.S.C. § 1983.  Trooper Lee now moves for summary judgment on Frazier's claims, asserting his entitlement to qualified immunity because Frazier cannot establish a constitutional violation or show that his conduct was objectively unreasonable under the circumstances**.**

### III.   CONTENTIONS OF THE PARTIES

#### A.    Trooper Lee's Contentions

Trooper Lee contends that he is entitled to summary judgment on Frazier's claim for excessive force brought pursuant to 42 U.S.C. § 1983 due to his entitlement to qualified immunity.  He contends that Frazier's claim for excessive force fails because

she has failed to allege a *de minimis* injury which results directly and only from the use of force, applied by him, which was clearly excessive and objectively unreasonable.  He also asserts that his act of applying the handcuffs on her was objectively reasonable under the circumstances and did not violate the Fourth Amendment.  Accordingly, he argues that he is entitled to qualified immunity on her alleged Fourth Amendment violation.  As such, he avers that Frazier's complaint against him should be dismissed with prejudice.

### B.    Frazier's Contentions

Frazier contends that Trooper Lee is not entitled to qualified immunity on her claims.  First, she contends that Trooper Lee employed excessive force when he arrested her while she was on her way to the emergency room as a result of a broken arm.  She argues that the impact of his actions caused her pre-existing condition to become worse.  As a result, she asserts that her arm had to be set in a cast for six months.  Second, she avers that the injury she suffered was more than *de minimis* and was a direct result of the force applied by Trooper Lee.  Third, she alleges that no reasonable officer would have believed that she posed a danger or threat to Trooper Lee or anyone else.  Therefore, Frazier contends that Trooper Lee should not be insulated by the defense of qualified immunity.

## IV.    STANDARD OF REVIEW

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(c).  "The [movant] bears the initial burden of identifying those portions of the pleadings and discovery in the record that it

believes demonstrate the absence of a genuine issue of material fact." *Lynch Props., Inc. v. Potomac Ins. Co*., 140 F.3d 622, 625 (5th Cir. 1998) (citing *Celotex v. Catrett*, 477 U.S. 317, 322-325 (1986)). Once the movant carries this initial burden, the burden shifts to the nonmovant to show that summary judgment is inappropriate. *See Fields v. City of S. Houston*, 922 F.2d 1183, 1187 (5th Cir. 1991). The nonmovant must go beyond the pleadings and designate specific facts proving that a genuine issue of material fact exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986). The nonmovant may not rest on conclusory allegations or denials in its pleadings that are unsupported by specific facts. FED. R. CIV. P. 56(e). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc*. 477 U.S. 242, 248 (1986).

In determining whether genuine issues of material fact exist, "factual controversies are construed in the light most favorable to the nonmovant, but only if both parties have introduced evidence showing that a controversy exists." *Lynch*, 140 F.3d at 625. "A dispute regarding a material fact is 'genuine' if the evidence would permit a reasonable jury to return a verdict in favor of the nonmoving party." *Roberson v. Alltel Info. Servs*., 373 F.3d 647, 651 (5th Cir. 2004). Thus, "[t]he appropriate inquiry is 'whether the evidence represents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Septimus v. Univ. of Houston*, 399 F.3d 601, 609 (5th Cir. 2005) (quoting *Anderson*, 477 U.S. at 251-252).

## V.    ANALYSIS & DISCUSSION

Frazier alleges that Trooper Lee used excessive force against her in violation of her Fourth Amendment rights when he arrested her while she was on her way to the

emergency room due to a broken arm.  Trooper Lee, in contrast, contends that he is entitled to qualified immunity with respect to Frazier's claims against him.  Under the doctrine of qualified immunity, governmental officers are safeguarded "from civil liability for damages based upon the performance of discretionary functions if [their] acts were objectively reasonable in light of then clearly established law." *Atteberry v. Nocona Gen. Hosp.*, 430 F.3d 245, 253 (5th Cir. 2005) (quoting *Thompson v. Upshur County,* 245 F.3d 447, 456 (5th Cir. 2001)).  The qualified immunity doctrine has essentially evolved to provide "protection to all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)). "When a defendant invokes [the] qualified immunity [defense], the burden is on the plaintiff to demonstrate the inapplicability of the defense." *Atteberry*, 430 F.3d at 253 (quoting *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) (en banc) (per curiam)).

The Fifth Circuit has set forth a two-step analysis to govern the determination of whether a defendant is entitled to the qualified immunity defense.  First, a court must determine "whether the facts, either as the plaintiff alleges or as proved without dispute, establish that the officer violated a clearly established constitutional right." *Linbrugger v. Abercia*, 363 F.3d 537, 540 (5th Cir. 2004) (citing *Price v. Roark*, 256 F.3d 364, 369 (5th Cir. 2001)).  "If no constitutional right has been violated, the inquiry ends and the defendants are entitled to qualified immunity." *Id.*  If, however, the plaintiff has alleged a violation of a clearly established constitutional right, the court must next examine "whether the [defendants'] conduct was objectively unreasonable under established law."

*Linbrugger*, 363 F.3d at 540 (citing *Bazan v. Hidalgo County*, 246 F.3d 481, 490 (5th Cir. 2001)); *accord Atteberry*, 430 F.3d at 253.  The Fifth Circuit "has repeatedly held that objective reasonableness in a qualified immunity context is a question of law for the court to decide, not an issue of fact."  *Atteberry*, 430 F.3d at 256 (citing *Williams v. Bramer*, 180 F.3d 699, 703 (5th Cir. 1999) (stating that "objective reasonableness is a matter of law for the courts to decide, not a matter for the jury") (other citations omitted).

"[T]he usual summary judgment burden of proof is altered in the case of a qualified immunity defense."  *Michalik v. Hermann*, 422 F.3d 252, 262 (5th Cir. 2005) (citing *Bazan v. Hidalgo County*, 246 F.3d 481, 489 (5th Cir. 2001)).  In this regard, "[a]n officer need only plead his good faith, which then shifts the burden to the plaintiff, who must rebut the defense by establishing that the officer's allegedly wrongful conduct violated clearly established law."  *Id.*  "The plaintiff bears the burden of negating the defense and cannot rest on conclusory allegations and assertions but must demonstrate genuine issues of material fact regarding the reasonableness of the officer's conduct."  *Id.*

As an initial matter, the record establishes that Trooper Lee was permitted, under clearly established law, to arrest Frazier as a result of her having failed the field sobriety tests administered.  Frazier does not appear to dispute this finding as she makes no challenge to the lawfulness of her arrest.  Rather, as set forth above, she contends that Trooper Lee used excessive force against her in violation of her Fourth Amendment rights when he handcuffed her while she was on her way to the emergency room as a result of a broken arm.  The Fifth Circuit has noted that "the use of excessive force to apprehend a subject implicates the Fourth Amendment's guarantee against unreasonable seizures."  *Colston v. Barnhart*, 130 F.3d 96, 99 (5th Cir. 1997) (citing *Tennessee v.*

*Garner*, 471 U.S. 1, 105 S. Ct. 1694, 85 L.Ed.2d 1 (1985); *Graham v. Connor*, 490 U.S. 386, 109 S. Ct. 1865, 104 L.Ed.2d 443 (1989)).  "To prevail on an excessive force claim, a plaintiff must establish:  '(1) injury (2) which resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable.'"  *Ramirez v. Knoulton*, 542  F.3d  124,  128 (5th  Cir.  2008) (quoting *Freeman v. Gore*, 483 F.3d 404, 416 (5th Cir. 2007) (internal citation omitted)).

"[T]he permissibility of a particular law enforcement practice is judged by balancing its intrusion on the individual's Fourth Amendment interests against its promotion of legitimate governmental interests."  *Flores v. City of Palacios*, 381 F.3d 391, 398 – 99 (quoting *Delaware v. Prouse*, 440 U.S. 648, 654, 99 S. Ct. 1391, 59 L.Ed.2d 660 (1979)).  "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight."  *Ramirez*, 542 F.3d at 128 (quoting *Graham*, 490 U.S. at 396, 109 S. Ct. 1865).  Courts must consider "the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain and rapidly evolving . . . ."  *Id.*

The standard imposed is an objective one and requires a court to inquire as to "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation."  *Ramirez*, 542 F.3d at 129 (quoting *Graham*, 490 U.S. at 397, 109 S. Ct. 1865).  In order "[t]o 'gaug[e] the objective reasonableness of the force used by a law enforcement officer, [a court is required to] balance the amount of force used against the need for that force,"  *Flores*, 381 F.3d at 399 (quoting *Ikerd v. Blair*, 101 F.3d 430, 434 (5th Cir. 1996)

(internal citation omitted), while "paying careful attention to the facts and circumstances of each particular case." *Flores*, 381 F.3d at 399 (quoting *Graham*, 490 U.S. at 396, 109 S. Ct. 1865). This balancing test requires a court to also consider "whether the suspect poses an immediate threat to the safety of the officers or others, and whether he [or she] is actively resisting arrest or attempting to evade arrest by flight." *Ramirez*, 542 F.3d at 129 (quoting *Graham*, 490 U.S. at 396, 109 S. Ct. 1865).

Here, Frazier argues that Trooper Lee used excessive force when he effected an arrest on her and "proceeded to handcuff [her] while she was screaming in pain as a result of the aggravated stress and unnecessary force being applied to an already broken arm." She contends that the impact of his actions caused her pre-existing condition to become worse. Even accepting these allegations as true, Frazier's excessive force claim fails as she has failed to establish one or more of the essential elements of the excessive force test set forth above.

First, it is well-settled in the Fifth Circuit that in order to state a claim for excessive force, the plaintiff's alleged injury, though not required to be significant, must be more than *de minimis*. *Freeman*, 483 F.3d at 416 (citing *Glenn v. City of Tyler*, 242 F.3d 307, 314 (5th Cir. 2001); *see also Harper v. Harris County, Tex.*, 21 F.3d 597, 600 (5th Cir. 1994) (reasoning that the Supreme Court, in *Hudson v. McMillian*, 503 U.S. 1, 8, 112 S.Ct. 995, 117 L. Ed.2d 156 (1992), overruled the significant injury prong in the context of an excessive force claim under the Eighth Amendment and, in applying *Hudson*, determined that a plaintiff is no longer required to demonstrate a significant injury in the context of Fourth Amendment excessive force claim). "The determination of whether a plaintiff's alleged injury is sufficient to support an excessive force claim is

context-dependent and is 'directly related to the amount of force that is constitutionally permissible under the circumstances.'" *Freeman*, 483 F.3d 416 (quoting *Ikerd v. Blair*, 101 F.3d 430, 435 (5th Cir. 1996)).

It is well-established in the Fifth Circuit, however, that an officer's act of "handcuffing too tightly, without more, does not amount to [a claim of] excessive force." *Glenn*, 242 F.3d at 314. Nor does the development of " 'acute contusions of the wrist' and [a] psychological injury from being handcuffed" give rise to a claim of excessive force. *Tarver v. City of Edna*, 410 F.3d 745, 752 (5th Cir. 2005); *see also Freeman*, 483 F.3d at 416 – 17 (finding plaintiff's allegations that deputies twisted her arms behind her back while handcuffing her, "jerked her all over the carport" and applied the handcuffs too tightly, causing bruises and marks on her wrists and arms, to allege only *de minimis* harm). In fact, the Fifth Circuit has reasoned that "minor, incidental injuries that occur in connection with the use of handcuffs to effectuate an arrest [are insufficient to] give rise to a constitutional claim for excessive force." *Freeman*, 483 F.3d at 416 (citing *Glenn*, 242 F.3d at 314 (5th Cir. 2001) (swollen wrist and bruising of the wrists and arms held to constitute only *de minimis* harm); *see also Myers v. Valdez*, No. 3-05-CV-1799-L, 2005 WL 3147869, at *2 (N.D. Tex. Nov. 17, 2005) (noting that allegations of "pain, numbness in extremities, loss of mobility, lack of sleep, extreme tension in neck and back, extreme rash [and] discomfort" are insufficient to establish "physical injury" requirement or more than *de minimis* injury); *see Bargalla v. Valdez*, No. 3-05-CV-0593-M, 2005 WL 1163304, at *2 (N.D. Tex. May 13, 2005) (plaintiff's claim of "unnecessary pain and suffering" not enough to allege physical injury). Because Frazier's complaint and medical records fail to establish any physical injury greater than *de minimis* harm as

a result of Trooper Lee's act of handcuffing her, she has failed to satisfy the injury requirement of her excessive force claim.

Frazier's claim, as alleged, is also insufficient to satisfy the second element of the excessive force test in that she has failed to establish that her alleged injury resulted "directly and only from" Trooper Lee's use of force.  Indeed, during her deposition, Frazier conceded that her arm was already broken at the time that Trooper Lee stopped her vehicle.  During this time, she also testified that she is not alleging that Trooper Lee broke her arm.  Instead, she seeks to hold Trooper Lee liable for the exacerbation of her pre-existing arm injury.  However, the Fifth Circuit has held that the aggravation or exacerbation of a pre-existing injury and/or condition does not comprise an actionable injury sufficient to support an excessive force claim in that the pre-existing injury or condition does not result "directly and only from" the defendant officer's use of force. *See Wells v. Bonner*, 45 F.3d 90, 96 (5th Cir. 1995).

Even assuming that Frazier's injuries were more than *de minimis* and "resulted directly and only from" Trooper Lee's use of force, Frazier has failed to establish that the amount of force used in arresting her was clearly excessive or sufficiently disproportionate to the need presented and objectively unreasonable under the circumstances.  In fact, during her deposition, when questioned by Trooper Lee's attorney about the details relating to the events that transpired on the day of the incident, Frazier testified that:  (1) once she screamed in pain, Trooper Lee removed the handcuffs; (2) the handcuffs were only on her for approximately 5 to 15 seconds; (3) once the handcuffs were removed, they were not reapplied and she was transported to the hospital for treatment; (4) she did not suffer any permanent nerve damage or tendon damage to

her broken arm as a result of being handcuffed; and (5) she suffers from no permanent deformity to her arm as a result of being handcuffed.

Moreover, Trooper Lee, in his affidavit filed in support of his motion for summary judgment, averred that he applied handcuffs to Frazier in accordance with standard procedure.  He also stated that while "[s]tandard procedure normally requires [that] the handcuffs be placed behind the suspect, . . . due to Frazier's insistence that her arm was broken, [he] made an exception and applied the handcuffs in front [of her]."  He further stated that "[he] did not intend to injure Frazier."  Frazier has failed to offer any evidence to the contrary.

When accepting Frazier's allegations about her arrest as true, the totality of the circumstances support the force used to effect her arrest.  Accordingly, the Court concludes that Frazier has failed to proffer evidence to establish that the force applied and/or the physical actions taken by Trooper Lee caused some injury, which resulted directly and only from a use of force, that was clearly excessive or objectively unreasonable under the circumstances so as to constitute a deprivation of her constitutional rights.  As such, Trooper Lee is entitled to judgment as a matter of law on Frazier's Fourth Amendment excessive force claim.  To this end, Frazier's claims for exemplary damages and attorneys' fees are also dismissed.

## VI.    CONCLUSION

Based on the foregoing, Trooper Lee's motion for summary judgment is GRANTED.

It is so **ORDERED**.

SIGNED at Houston, Texas this 26th day of October, 2009.

Kenneth M. Hoyt
United States District Judge